# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re:

    Lucille Simpkins,

        Debtor.

Case No. 23-11050-amc

Chapter 7

## Debtor's Motion to Approve
## Terri Simpkins as Debtor's Next Friend

**AND NOW**, Debtor Lucille Simpkins, by her proposed next friend and through her attorney, moves this Court for an order approving Terri Simpkins as the Debtor's next friend in this bankruptcy case. In support of this motion, the Debtor states as follows:

1. The Debtor filed this case under chapter 7 on April 11, 2023.

2. The Rules of Bankruptcy Procedure allow a next friend to file a voluntary petition on behalf of an "incompetent person." Fed. R. Bankr. P. 1004.1. The rule does not define a process for approval of a next friend but does say that the Court has the authority to "make any . . . order to protect the . . . incompetent debtor." *Id*. The rule does not define the word incompetent. In the absence of a clearly defined rule, the Court should look to other parts of the rules, the bankruptcy code, and state law for guidance. An unrelated section of the code defines a person's "incapacity" as "[impairment] by reason of mental illness or mental deficiency so that [she] is incapable of realizing and making rational decisions with respect to [her] financial responsibilities." 11 U.S.C. § 109(h)(4). Similarly, state court rules define an incapacitated person as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired [so significantly] that the person is partially or totally unable to manage financial resources . . . ." Pa. R. Civ. P. 2051. Although these rules do not address "incompetence," the word used in Fed. R. Bankr. P. 1004.1, the words incompetent, incapacity, and incapacitated are synonymous. When approving a next friend, the Court "has substantial discretion to decide who will act in the [litigant's] best interests." *Gardner v. Parson*, 874 F.2d 131, 139 (3d Cir. 1989).

3. The voluntary petition was executed on the Debtor's behalf by her daughter, Terri Simpkins (the "Proposed Next Friend"), who has been appointed as the Debtor's guardian by the Pennsylvania Court of Common Pleas. Exhibit A.

4. The Debtor suffers from dementia and other medical conditions which totally impar her capacity to receive or evaluate information effectively and to make and communicate decisions concerning management of her financial affairs or to meet essential requirements of her physical health and safety. *Id.*

5. Because the Debtor's condition leaves her unable to receive and evaluate information effectively and communicate decisions such that she is incapable of realizing and making rational decisions with respect to her financial responsibilities, the Court should appoint the Proposed Next Friend as next friend to represent the Debtor in this bankruptcy case.

6. The Proposed Next Friend has executed an acknowledgement of her duties and powers as next friend if approved by the court. Exhibit B.

**NOW, THEREFORE**, the Debtor asks this Court to grant relief in the form of order attached and to grant such other relief in her favor as may be necessary and proper under the law.

Date: April 11, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com